UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-2532(DSD/JJK)

Renee Lehman,

Plaintiff,

v. **ORDER**

UnitedHealth Group,

Defendant.

Jennie M. Brown, Esq., Brown Law Office, 17905 Cascade Drive, Eden Prairie, MN 55347, counsel for plaintiff.

David A. James, Esq., Sandra L. Jezierski, Esq. and Nilan, Johnson, Lewis P.A., 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant UnitedHealth Group. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants defendant's motion.

**BACKGROUND**

This employment dispute arises out of the termination of plaintiff Renee Lehman by UnitedHealth Group. Lehman began work as a sales representative at UnitedHealth Group in 2007. On March 24, 2009, Lehman was placed on a Corrective Action Plan (CAP). Lehman Aff. Ex. 21b, at 16-24, ECF No. 21-30. In response to the CAP, Lehman commented in writing that she was "somewhat unclear as to what specifically [her] managers expectations are" and complained

that she "did not have the opportunity to finish asking some specific questions." Id. at 24. Lehman requested removal from the CAP through UnitedHealth Group's internal dispute resolution (IDR) process. Lehman was placed on a second CAP on August 27, 2009. See id. at 25-28, 33. UnitedHealth Group terminated Lehman on September 2, 2009. See id. at 29-33. Lehman filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC). On March 10, 2010, the EEOC issued a right-to-sue letter (EEOC notice), stating: "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." James Aff. Ex. B, ECF No. 11-1. Lehman received the EEOC notice on March 15, 2010. Lehman Aff. 7, ECF No. 21.

On June 21, 2010, Lehman filed this action[1] alleging that: UnitedHealth Group failed to "diversify its work force with older workers" and thereby subjected her to age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634; UnitedHealth Group retaliated against her for challenging the CAP through the IDR process;[2] the CAP was defamatory; and UnitedHealth Group wrongfully discharging her in

---

[1] On June 22, 2010, Lehman filed a second complaint. ECF No. 2. Although the second complaint is not titled "Amended Complaint," the court will consider it as such.

[2] Lehman appears to make this claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. See Am. Comp. 2 ("This is a Title VII action too.").

violation of a contract formed by engaging in the IDR. On July 27, 2010, UnitedHealth Group filed a motion to dismiss, arguing that Lehman's discrimination and retaliation claims are time barred and that her defamation and wrongful discharge claims fail as a matter of law.

## DISCUSSION

A complaint must, after taking all facts alleged in the complaint as true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need not contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id. at 1950 (quotations and citation

omitted). The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d) (when outside matters presented and not excluded, motion converts to summary judgment). The court may consider documents referred to by the complaint, such as the EEOC notice and CAPs. See Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 967 F. Supp. 1148, 1152 (D. Minn. 1997).

**A. Age Discrimination and Retaliation Claims**

When it appears from the face of the pleading that the statute of limitations has run, a limitations defense may properly be invoked in a motion to dismiss. See Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004). UnitedHealth Group argues that Lehman's discrimination and retaliation claims are barred because she first asserted them in an EEOC charge of discrimination and then failed to file this action within 90 days of receiving the EEOC notice. See 29 U.S.C. § 626(e); Littell v. Aid Ass'n for Lutherans, 62 F.3d 257, 259 n.1 (8th Cir. 1995). Lehman received the EEOC notice on March 15, 2010, and filed this action on June 21, 2010. Therefore, Lehman failed to commence her suit within 90 days, and dismissal is warranted.

Lehman asserts that equitable tolling excuses her failure to file on time.[3] Equitable tolling is appropriate "only where the

[3] Lehman's response brief and supporting affidavits were filed 10 days late. See ECF Nos. 13-21. Although the court disfavors (continued...)

circumstances that cause a plaintiff to miss a filing deadline are out of his hands." Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990). The doctrine is "exceedingly narrow" and applies only when "extraordinary circumstances" beyond a plaintiff's control prevent timely filing. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). Lehman maintains that equitable tolling is appropriate because the EEOC and the Minnesota Department of Human Rights (MDHR) did not properly investigate her charge of discrimination, and because the EEOC notice and a letter from the MDHR created confusion. These circumstances, however, are not extraordinary. The EEOC notice is clear that Lehman had 90 days to file her suit. Therefore, the doctrine of equitable tolling does not apply, and dismissal is warranted because Lehman's age discrimination and reprisal claims are time barred. See Williams v. Thompson Corp., 383 F.3d 789, 790 (8th Cir. 2004) (per curiam).

**B. Defamation**

To support a claim of defamation under Minnesota law, a plaintiff must show evidence of harm from a false statement published to a third person.[4] See Stuempges v. Parke, Davis & Co.,

---

[3](...continued)
untimely submissions, it considers Lehman's filings.

[4] The court exercises supplemental jurisdiction over Lehman's defamation and breach of contract claims. See 28 U.S.C. § 1367(a); McLain v. Andersen Corp., 567 F.3d 956, 965 (8th Cir. 2009) ("[P]ursuant to 28 U.S.C. § 1367, courts have the discretion to exercise supplemental jurisdiction over remaining state-law claims
(continued...)

297 N.W.2d 252, 255 (Minn. 1980). A defamation action premised on an employer's communication of information in a personnel record is barred by statute unless the employee "disputes specific information contained in the employee's personnel record" and the employee "submit[s] a written statement specifically identifying the disputed information and explaining the employee's position." Minn. Stat. § 181.962(1)-(2). Lehman maintains that the CAP constitutes defamation because it "stays on the employee's personnel file for seven years and is a red flag making it impossible to transfer to another department." Am. Compl. 5. UnitedHealth Group argues that Lehman's defamation claim is precluded by the personnel-records statute. Lehman's written comments in response to the CAP expressed confusion and frustration, but did not dispute any information. See Lehman Aff. Ex. 21b, at 21-30, 24, 33. Therefore, Lehman's defamation claim is barred by statute, and dismissal is warranted.[5]

---

[4](...continued)
even after the district court has dismissed all claims over which it has original jurisdiction.") (quotation and citation omitted). Because Lehman's federal and state claims derive from the same facts, deciding both claims in one proceeding promotes judicial efficiency. See OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) (exercise of supplemental jurisdiction appropriate when claims would ordinarily be expected to be tried in one proceeding).

[5] As a result, the court need not reach UnitedHealth Group's other grounds for dismissal.

### C. Unlawful Termination

In Minnesota, unless "otherwise agreed between the parties, the employment relationship is at will." Borgersen v. Cardiovascular Sys., Inc., 729 N.W.2d 619, 625 (Minn. Ct. App. 2007). As a result, the relationship "can be terminated for any reason or for no reason at all." Nelson v. Productive Alt., Inc., 715 N.W.2d 452, 454 (Minn. 2006). Generally, an at-will employee has "no claim for wrongful termination or breach of an employment contract once discharged." Bolander v. Bolander, 703 N.W.2d 529, 545 (Minn. Ct. App. 2005). However, the Minnesota Supreme Court has recognized a common-law cause of action for wrongful discharge in violation of public policy. See Nelson, 715 N.W.2d at 454-55 (citing Phipps v. Clark Oil & Refining Corp., 408 N.W.2d 569 (Minn. 1987)). The policy at issue must be clear before a court will recognize a common-law cause of action. Moreover, a court is generally "reluctant to undertake the task of determining public policy since [that] role is usually better performed by the legislature." Id. at 456, 457 n.5.

Lehman first argues that UnitedHealth Group wrongfully discharged her in violation of a contract formed by the IDR process. A promise of employment on definite and particular terms, if made "in the form of an offer and if accepted by the employee for valuable consideration, may create a binding unilateral contract which will alter an at-will contract." Ruud v. Great

Plains Supply, Inc., 526 N.W.2d 369, 371 (Minn. 1995) (citation omitted). Lehman asserts that she applied for the IDR process and that the "IDR process formed a binding agreement" between the parties. Am. Compl. 5. However, Lehman offers no facts to support her conclusory statement. As a result, the court cannot draw a reasonable inference that a contract was formed, and dismissal is warranted.

Lehman next argues that she "was terminated for a policy violation which means Plaintiff could be [an] at will employee." Pl.'s Objection 7, ECF No. 19. Lehman provides neither facts nor argument to support or explain her assertion. Moreover, the court finds no public policy violation at issue in this case.

Lastly, Lehman asserts that UnitedHealth Group never provided the reason for her termination. Under Minnesota law:

> An employee who has been involuntarily terminated may, within 15 working days following such termination, request in writing that the employer inform the employee of the reason for the termination. Within ten working days following receipt of such request, an employer shall inform the terminated employee in writing of the truthful reason for the termination.

Minn. Stat. § 181.933, subdiv. 1. The statute only requires notice when an employee makes a request in writing. Lehman offers no facts to indicate that she made such a request. Moreover, even if she had requested the information, UnitedHealth Group's failure to provide its reasons does not make her termination wrongful.

Therefore, Lehman has not alleged facts from which the court can draw a reasonable inference that UnitedHealth Group wrongfully discharged her, and dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. No. 6] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 8, 2010

s/David S. Doty
David S. Doty, Judge
United States District Court